LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SHOU LE CHEN, and
JOHN DOE,
*on behalf of themselves, FLSA Collective Plaintiffs and the Class*,

  Plaintiff,

  v.

COURAGE TEAM INC. d/b/a PIG HAVEN, and
HUIFONG LEE

  Defendants.

Case No.:

CLASS AND COLLECTIVE ACTION COMPLAINT

Jury Trial Demanded

---

  Plaintiffs, SHOU LE CHEN and JOHN DOE ("hereinafter Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, COURAGE TEAM INC. d/b/a PIG HAVEN ("Corporate Defendant") and HUIFONG LEE ("Individual Defendant," and together with Corporate Defendant, "Defendants") and state as follows:

## INTRODUCTION

  1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid

1

minimum wage, (2) unpaid overtime compensation, (3) liquidated damages and (4) attorneys' fees and costs.

2.	Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime compensation, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.	This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.	Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.	Plaintiff, SHOU LE CHEN, is a resident of Queens County, New York.

6.	Corporate Defendant:

COURAGE TEAM INC., is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 1420 3rd Avenue, New York, New York 10028. Defendant operate "Pig Haven" restaurant through COURAGE TEAM INC.

7.	Individual Defendant:

HUIFONG LEE is a principal of the Corporate Defendant. HUIFONG LEE exercised control over the employment terms and conditions of Plaintiffs, FLSA Collective Plaintiffs and Class members. HUIFONG LEE had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine

work schedules and (iv) otherwise affect the quality of employment of Plaintiffs, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to HUIFONG LEE directly regarding any of the terms of their employment, and HUIFONG LEE would have the authority to effect any changes to the quality and terms of employees' employment. HUIFONG LEE regularly visited "Pig Haven" and directly reprimanded any employee who did not perform his duties correctly. HUIFONG LEE ensured that employees properly prepare food and effectively serve customers so that the business is operating efficiently and profitably. HUIFONG LEE exercised functional control over the business and financial operations of the Corporate Defendant.

8. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

9. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including cooks, line cooks, waiters, delivery workers, bartenders, barbacks, food preparers, dishwashers, cashiers, porters, waiters and busboys employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

11. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. With respect to employees who were tipped employees, including Plaintiff SHOU LE CHEN ("Tipped Subclass"), Defendants were not entitled to take any tip credits under the FLSA, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit, (ii) caused tipped employees to engage at least 20% of their working hours in non-tipped activities, (iii) failed to pay tipped employees the proper overtime rate and (iv) failed to maintain daily records of tips on behalf of tipped employees.

12. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

13. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including cooks, line

cooks, waiters, delivery workers, bartenders, barbacks, food preparers, dishwashers, cashiers, porters, waiters and busboys employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

14. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

15. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

16. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay minimum wage, (ii) failing to pay overtime compensation, (iii) failing to pay spread of hours premium, (iv) failing to provide proper wage statements per requirements of the New York Labor Law, and (v) failing to provide proper wage and hour notices, at date of hiring and annually, per requirements of the New York Labor Law. With respect to employees who were tipped

employees, including Plaintiff SHOU LE CHEN ("Tipped Subclass"), Defendants were not entitled to take any tip credits under the FLSA, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit, (ii) caused tipped employees to engage at least 20% of their working hours in non-tipped activities (iii) failed to pay tipped employees the proper overtime rate and (iv) failed to maintain daily records of tips on behalf of tipped employees.

17. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

18. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these

costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

19. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

20. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

e) Whether Defendants properly provided notice to members of the Tipped Subclass that Defendants were taking a tip credit;

f) Whether Defendants provided proper wage statements informing (i) tipped employees of the amount of tip credit taken for each payment period and their proper overtime rate of compensation and (ii) all non-exempt employees information required to be provided on wage statements as required under the New York Labor Law;

g) Whether Defendants provided proper wage and hour notice, at date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law;

h) Whether Defendants caused members of the Tipped Subclass to engage in non-tipped duties exceeding 20% of each workday;

i) Whether Defendants maintained daily records of tips on behalf of tipped employees;

j) Whether Defendants paid Plaintiffs and Class members the federal and state minimum wage for all hours worked;

k) Whether Defendants properly compensated Plaintiffs and Class members for overtime under state and federal law; and

l) Whether Defendants paid Plaintiffs and the Class members the New York State "spread of hours" premium when their workdays exceeded ten hours.

## STATEMENT OF FACTS

21. In or around January 2013 until the present, Plaintiff SHOU LE CHEN has been employed by Defendants to work as a delivery person at Defendants' "Pig Haven" restaurant located at 1420 3rd Ave, New York, NY 10028.

22. Throughout his entire employment with Defendants, Plaintiff SHOU LE CHEN regularly worked over 40 hours per week. Specifically, at the start of Plaintiff SHOU LE CHEN's employment, he worked Tuesdays 3:30 p.m. to 10:30 p.m.; Wednesdays 3:30 p.m. to 10:30 p.m.; Thursdays 3:30 p.m. to 10:30 p.m.; Fridays 11:30 a.m. to 12:30 a.m.; Saturdays 11:30 a.m. to 12:30 a.m.; and Sundays 3:30 p.m. to 10:30 p.m. Then in or around January 2015, he worked Wednesdays 3:30 p.m. to 10:00 p.m.; Thursdays 11:30 a.m. to 10:00 p.m.; Fridays 3:30 p.m. to 12:30 a.m.; Saturdays 3:30 p.m. to 12:30 a.m.; and Sundays 3:00 p.m. to 10:00 p.m. Plaintiff SHOU LE CHEN was required to work without any lunch break on a daily basis.

23. At the start of his employment with Defendants, Plaintiff SHOU LE CHEN was compensated a fixed salary of $10 per day. Then, in or about January 2015, he was compensated a fixed salary of $100 per week. However, there was never any understanding that the fixed daily weekly salaries were intended to cover any overtime hours worked by Plaintiff. During such time period, Defendants paid Plainitff SHOU LE CHEN in cash and failed to provide Plaintiff with any wage statements.

24. At all times relevant, Defendants paid Plaintiffs, FLSA Collective Plaintiffs and Class members a fixed salary, which amounted to regular rates below the prevailing statutory minimum wage under the FLSA and NYLL.

25. At all relevant times, Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and NYLL.

26. At all times relevant, the workdays of Plaintiffs and Class members regularly exceeded ten (10) hours per day. However, Defendants failed to pay Plaintiff and Class members the spread of hours premium as required by NYLL.

27. At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with proper wage and hour notices or wage statements as required by NYLL. In fact, during the relevant period, Defendants failed to provide Plaintiffs and Class members with any wage statements.

28. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs, FLSA Collective Plaintiffs and Class members.

29. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiffs, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

30. Defendants willfully violated Plaintiffs and Class members' rights by paying them on a fixed salary basis in violation of NYLL because Plaintiffs and Class members are non-exempt employees who must be paid on an hourly basis.

31. Defendants knowingly and willfully operated their business with a policy of not paying the spread of hour premium to Plaintiffs and Class members, in violation of the NYLL.

32. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs and Class members, in violation of the NYLL.

33. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiffs and Class members, at the beginning of employment and annually thereafter, in violation of the NYLL.

34. Defendants took an improper tip credit with respect to Plaintiff and all other tipped employees of the Defendants given Defendants' failure to: (i) provide proper notice to employees of their tipped credit minimum wage rate and the proper overtime rate thereon, (ii) maintain records of tips earned by employees, and (iii) provide proper wage statements to employees showing deductions for tip credit allowance, as required under New York State law. Defendants also caused Plaintiff and other tipped employees to spend more than 2 hours or 20% of their shift on non-tipped activities. Throughout Plaintiff's employment, he was required to clean the restaurant, prepare food, and do porter work.

35. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. Plaintiffs reallege and reaver Paragraphs 1 through 35 of this class and collective action Complaint as if fully set forth herein.

37. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

38. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

39. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

40. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

41. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

42. Defendants willfully violated Plaintiffs' and FLSA Collective Plaintiffs' rights by failing to pay them minimum wages in the lawful amount for hours worked. With respect to the Tipped Subclass, Defendants were not entitled to take any tip credits under the FLSA, because they failed to properly provide notice to all tipped employees that Defendants were taking a tip credit.

43. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs

intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

44. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

45. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

46. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

47. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime wages, plus an equal amount as liquidated damages.

48. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

49. Plaintiffs reallege and reaver Paragraphs 1 through 48 of this class and collective action Complaint as if fully set forth herein

50. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

51. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

52. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

53. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked. With respect to the Tipped Subclass, Defendants were not entitled to take any tip credits under the NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, (iii) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of NYLL and (iv) failed to maintain daily records of tips on behalf of tipped employees.

54. Plaintiffs' and Class members' regular workday exceeded ten hours per day. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay "spread of hours" premium to Plaintiffs and Class members for each day their workday exceeded ten hours.

55. Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements as required under the New York Labor Law. Defendants are required to provide itemized listings of deductions taken on each wage

statement. With respect to the Tipped Subclass, Defendants failed to satisfy the requirements under the NYLL because such tip credit allowance was never included in any wage statements to tipped employees and Defendants failed to disclose the proper overtime rate of pay. Moreover, with respect to all employees, Defendants failed to provide wage statements that satisfied statutory requirements under the NYLL. Defendants also failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

56. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants unpaid overtime, unpaid minimum wage, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

    a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage, and "spread of hours" premium pursuant to the New York Labor Law;

h. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiffs as a Representatives of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiffs as a Representatives of Class; and

l. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: August 22, 2017

Respectfully submitted,

By: */s/ C.K. Lee*
C.K. Lee, Esq.

Lee Litigation Group, P
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*