# Kossoff, PLLC

Mitchell H. Kossoff
Steven Y. Steinhart
Joseph Goldsmith
Stacie B. Feldman
Anthony J. Rodriguez, Jr.
Lisa B. Urban
Dawn R. Myers**

———

Olga Tzortzatos
Ranakdevi Londoner
Anna T. Weiss
Michael I. Cohen
Kaitlin B. Williams**
Alexander Fotopoulos
Matthew Eiben
Eric N. Pitter
Ashley R. Elem **
Carla Y. Buchanan
Meredith P. Grasso **
Christopher Dylewski
Paola Arzeno
Nicole Sosnowski
Elisabeth Smee
Bessie Hadjigeorghi

———

Alba Alessandro †
Lester Breisblatt † **
Dana B. Friedman  †
Arthur Margulies  †

† Of Counsel
** Also admitted in NJ

Attorneys at Law
217 Broadway, Suite 401
New York, New York 10007
Tel: (212) 267-6364
Fax: (212) 385-2558

_____

October 18, 2017

**Via ECF**

Hon. Andrew L. Carter, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Shou Le Chen v Courage Team Inc. d/b/a Pig Haven and Huifong Lee*
       Case No. 17-cv-6365 (ALC) (KNF)

Dear District Judge Carter:

I write on behalf of defendants, Courage Team Inc. and Huifong Lee, in the referenced action and in response to the Order of this Court, dated September 11, 2017. As an initial matter, upon information and belief, the Summons and Complaint have not yet been served upon defendants, nor has a request for waiver of service been made. Accordingly, there has been no appearance on behalf of defendants nor has a response to the Complaint been interposed to date. However, if the Court wants the parties to appear for a conference, our office will submit a notice of appearance on behalf of defendants.

Contrary to plaintiff's counsel's representations to the Court, there has been no settlement of the referenced action, nor has there been any concealment of a settlement from plaintiff's counsel. Instead, we were advised the plaintiff expressed a lack of interest in continuing the within action and executed the statement annexed hereto as **Exhibit A** of his own accord.[1] We do not know if the plaintiff ever really wanted to commence this litigation or if he participated in its commencement in any meaningful way. It is notable that the consent to sue under the FLSA submitted by plaintiff's counsel as ECF Doc. No. 8 does not reflect it was translated to plaintiff in Chinese, his native language. It incorrectly states Shou Le Chen is a **former** employee of Courage Team Inc. despite the fact that he has remained employed by Courage Team Inc. as a part-time restaurant delivery person for Pig Heaven at all relevant times.

In addition, our preliminary investigation indicates there has been no infraction of the FLSA with respect to Shou Le Chen or any other similarly situated employees. As

---

[1] Personal identifiers have been redacted, as required.

detailed in the affidavit of Louis Mui, sworn to October 13, 2017, which is annexed as **Exhibit B**, Shou Le Chen is a part-time employee properly compensated at the applicable wage rates with permissible tip credits.

Accordingly, based on the above, our office forwarded a copy of Shou Le Chen's signed statement to plaintiff's counsel, C.K. Lee, by e-mail on September 5, 2017. We advised Mr. Lee we would like a stipulation of discontinuance to be prepared and proposed payment of Mr. Lee's attorneys' fees as a condition of settlement.

At present, there is no settlement agreement between the parties, proposed or otherwise, though defendants remain amenable to resolution on the terms previously proposed to Mr. Lee. However, if plaintiff's counsel is not interested in discussing settlement in lieu of a formal dispositive motion by defendants, we will notice our appearance after the Summons and Complaint have been served upon defendants and request a pre-motion conference be scheduled thereafter.

I thank you for your consideration of this matter.

Respectfully submitted,

Ranakdevi Londoner (RC7264)

cc:     Lee Litigation Group, LLC, *via ECF*